FILED
2001 MAY 24 AM 9: 53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| ELIZABETH PODRUE, | ) |
| Plaintiff, | ) |
| vs. | ) CV-01-PT-0724-M |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | ) |
| Defendant. | ) |

ENTERED
MAY 2 4 2001

## MEMORANDUM OPINION

This cause comes to be heard upon plaintiff Elizabeth Podrue's ("plaintiff") Motion to Remand, filed on April 6, 2001.

## FACTS

The plaintiff originally filed the instant action against defendant Blue Cross and Blue Shield of Alabama ("defendant") in the Circuit Court of Etowah County, Alabama, on February 14, 2001. The complaint sought compensatory and punitive damages for bad faith failure to pay an insurance claim. The defendant timely removed the case to this court on March 14, 2001. The plaintiff then filed the instant motion to remand on April 6, 2001.

The plaintiff was a participant in an employee welfare benefit plan ("the Plan") that was established and maintained by her husband's employer, Osborne Trucking Company ("Osborne"), a company engaged in interstate commerce. Osborne provided health benefits to its employees through a self-funded employee benefit plan ("the Plan"). The defendant is the third-party claims administrator of the Plan, and, at all times pertinent, possessed the discretion

1

13

to determine eligibility for coverage under the Plan, and to construe the Plan's terms.

## ARGUMENT

In her Motion to Remand, the plaintiff argues that the court should remand this action to the state court because it is neither based upon federal law nor preempted by ERISA. The plaintiff relies upon the ERISA savings clause, found at 29 U.S.C. § 1144(b)(2)(A), which excludes from ERISA's purview state laws that purport to regulate the business of insurance. Section 1144(b)(2)(A), also known as the "savings clause," states that:

> "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

Section 1144(b)(2)(B), also known as the "deemer clause," states that:

> "Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies."

Self-funded employee benefit plans that are maintained by "any employer engaged in commerce or in any industry or activity affecting commerce . . ." are governed by ERISA pursuant to 29 U.S.C. § 1003(a). If such plans are not exempted by § 1003(b), they are specifically excluded from the definition of "insurance company" and are considered not to perform the activities that an insurance company performs, pursuant to the "deemer clause," § 1144(b)(2)(B). The parties do not dispute that the Plan is a self-funded employee benefit plan that is not exempted by § 1003(b). Instead, the parties dispute the significance of the defendant's role as the third-party Plan administrator in light of its status, independently, as an insurance company.

The plaintiff acknowledges that the Plan is a self-funded employee benefit plan that is

2

administered by the defendant. There is no dispute that, were the plaintiff to file an action against the Plan, the suit would be governed by ERISA. The plaintiff, instead, argues that because its Alabama bad faith suit is against the third-party administrator of the Plan, which happens to be an insurance company, the suit is preserved by the savings clause, regardless of the facts that the subject matter of the suit is the defendant's conduct in administrating benefits under the Plan and that the defendant does not have a contract of insurance with the plaintiff.

The plaintiff contends that, in the past, courts in the Northern District of Alabama have held that Alabama state law bad faith claims against insurance companies are subject to the savings clause, and, therefore, are not preempted by ERISA when the suit is limited to bad faith claims, citing Hill v. Blue Cross & Blue Shield, 117 F. Supp. 2d 1209 (N.D. Ala. 2000), Goolsby v. Health Advantage Plans, Inc., CV-00-BU-3479-E, and Gilbert v. Alta Health & Life Insurance. Co.,CV-00-J-1703. She also asserts that, under the McCarran-Ferguson Act "common sense test," Alabama's law of insurance bad faith is a law that regulates insurance. She claims that the state insurance bad faith cause of action fits the express language of § 1144(b)(2)(A). The plaintiff cites to Unum Life Insurance Co. v. Ward, 526 U.S. 358 (1999) for the proposition that the issue of the availability, under ERISA, of state law remedies that purport to govern the insurance business is unsettled. The plaintiff contends that the defendant cannot cite to one Alabama Supreme Court case that holds that an insurance company that acts as a third-party administrator of an insurance plan could not be sued for bad faith if, while it was administering the plan, it acted in bad faith. Finally, the plaintiff notes that courts in other jurisdictions have held that bad faith laws purporting to regulate insurance were saved from ERISA preemption, citing Medical Mutual v. DeSoto, 234 F.3d 298 (6th Cir. 2000); Moran v. Rush Prudential HMO, Inc., 230 F.3d 959 (7th Cir. 2000); and Selby v. Principal Mutual Life

3

Insurance Co., 2000 WL 178191 (S.D.N.Y. 2000); Lewis v. Aetna Life Insurance Co., 78 F. Supp. 2d 1202 (N.D. Okla. 1999).

The defendant maintains that ERISA preempts the plaintiff's bad faith claim because the claim relates to an employee welfare benefit plan. It cites to, among other cases, Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987) and Butero v. Royal Maccabees Life Insurance Co., 174 F.3d 1207, 1213 (11th Cir. 1999) for the proposition that ERISA suprepreempts state law claims for fraud, bad faith denial of insurance benefits, and breach of contract.[1] The defendant also asserts that the plaintiff's arguments regarding the savings clause are irrelevant to the instant case because the Plan in this case is a self-funded employee benefit plan. Because it is a self-funded plan, according to the defendant, the deemer clause removes it and its owner and administrator from the category of "insurance company" or "insurer" for purposes of state laws that purport to regulate insurance businesses. The defendant cites to Metropolitan Life Insurance Co. v. Massachusetts, 471 U.S. 724 (1985) and FMC Corporation v. Holliday, 498 U.S. 52 (1990), in which the Supreme Court distinguished between self-funded employee benefit plans and non-self-funded plans:

> "self funded ERISA plans are exempt from state regulation insofar as that regulation 'relate[s] to' the plans. State laws directed toward the plans are pre-empted because they relate to an employee benefit plan but are not 'saved' because they do not regulate insurance. State laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies . . . ."

FMC, 498 U.S. at 61.

---

[1] The defendant also cites to Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc., 57 F.3d 1040 (11th Cir. 1995); Brown v. Connecticut General Life Insurance Co., 934 F.2d 1193, 1196 (11th Cir. 1991); Sanson v. General Motors Corp., 966 F.2d 618, 620 (11th Cir. 1992); First National Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc., 960 F.2d 1546, 1549-1550 (11th Cir. 1992); and Amos v. Blue Cross & Blue Shield, 868 F.2d 430 (11th Cir. 1989).

The defendant argues, first, that the deemer clause "trumps" the savings clause. Next, the defendant argues that Eleventh Circuit precedent in Butero, 174 F.3d at 1213, and Amos, 868 F.2d at 430, trumps Hill and Gilbert. The defendant further distinguishes Hill and Gilbert from the instant case because in both cases, the employer or plan sponsor provided the health benefits through a contract of insurance, not through self-funding.

The plaintiff replies that the deemer clause does not apply to an insurance company or health care service plan that is administered by an insurance company. The plaintiff notes that defendant Blue Cross/Blue Shield does not claim to have, itself, established or maintained the self-funded employee benefit Plan. Instead, she would separate the entities of Osborne, the company that established and maintains the Plan, and the defendant, an insurance company who has neither established the plan nor maintains the Plan, but who simply administers the plan. She argues that the defendant's role as third-party administrator of the plan is subject to regulation under Alabama's insurance bad faith law. She further argues that the deemer clause should be given a strict interpretation; she asserts that the language of the clause, expressly discussing a "plan" and not an "entity," does not suggest Congressional intent to apply the provision to an insurance company acting as a third-party administrator. For support, the plaintiff cites to Gonzales v. Blue Cross/Blue Shield, 689 So. 2d 812 (Ala. 1997), in which the plaintiff sued the third-party administrator of her employment benefit plan for bad faith denial of insurance benefits. The Alabama Supreme Court, while it granted summary judgment to the defendant, did not do so because the administrator was not an insurance company under the deemer clause, but, instead, because the plaintiff could not offer sufficient evidence of bad faith. The plaintiff also points to the declaration of Carl Caudle, attached to the defendant's Notice of Removal, which states that the defendant, on Osborne's behalf, determines eligibility for

5

coverage and construes the terms of the Plan, activities that the plaintiff claims are the normal business activities of an insurance company. The plaintiff emphasizes that she is not pursuing an action against the Plan itself, but against the company that administrates the plan, which happens to be an insurance company.

## ANALYSIS

The parties' arguments can be summed up as follows: the plaintiff argues that because she is not suing her husband's employer, which maintains a self-funded insurance Plan, or the Plan itself, but, instead, the company that administers the Plan, ERISA's deemer clause does not foreclose the availability of Alabama state law bad faith remedies. According to the plaintiff, because the defendant did not establish the Plan and does not maintain it, it may still be considered an insurance company for purposes of the deemer clause. The plaintiff argues that the Alabama insurance bad faith law would not be preempted because of ERISA's savings clause, which removes from preemption state laws that purport to regulate insurance companies.

The defendant's argument is two-fold: first, the defendant argues that, regardless of whether the plaintiff is suing the employer, the Plan, or the third party administrator, her claim for bad faith denial of benefits still "relates to" an employment benefit plan, and, therefore, is preempted under ERISA. Next, the defendant argues that the plaintiff cannot succeed because the self-funded quality of the Plan causes the entire system to be taken out of the category of "insurance," and, therefore, causes the defendant administrator, for purposes of the Plan and its benefits, to not be considered an insurance company.

The Eleventh Circuit case of Mullenix v. Aetna Life & Casualty Insurance Co., 912 F.2d 1406 (11th Cir. 1990) is directly on point. In Mullenix, the plaintiffs, participants in a self-funded employee health benefit plan, brought an action against Aetna, an insurance company,

6

who, in that instance, was "merely a third-party administrator of the Plan." Id. at 1407. The plaintiffs alleged, among other things, that Aetna had denied their claims in bad faith under Alabama law. Id. at 1408. In its answer, Aetna argued that ERISA preempted the plaintiffs' claims. Id. The district court, applying the deemer clause, granted summary judgment to Aetna. Id. The plaintiffs appealed. The Eleventh Circuit noted that "[t]he question for our review is whether the 'deemer clause' of ERISA to preempt [sic] a non-ERISA cause of action based upon an Alabama statute which regulates insurance when the employee benefit plan at issue is self-insured." Id.

After a thorough analysis of ERISA's preemption provisions and case law from the Supreme Court and the Fifth, Ninth, and Eleventh Circuits, the Eleventh Circuit concluded that the deemer clause distinguished self-funded employee benefit plans from insured employee benefit plans, allowing the insured plans to be regulated by state law through the savings clause, but preserving ERISA's full preemptive effect on claims related to self-funded plans. Id. at 1413. The court stated that the Supreme Court's decision in Metropolitan Life Insurance v. Massachusetts, 471 U.S. 742 (1985) and the deemer clause operated to preclude subjecting self-insured ERISA plans to any form of state insurance regulation. Id. The court further found that, in the case before it, there was "no insurance policy, insurance fund, or insurer which could be subject to state regulation directly or indirectly." Id. This court notes that the Eleventh Circuit reached this conclusion in spite of the fact that Aetna was, in fact, a company that acted as an insurance company in other instances. Implicit in this finding is the concept that the status of the defendants in cases such as this is to be determined by examining their function in the specific context of the case at hand. While Aetna functions as an insurer in other cases, and, in those instances, could be exposed to liability under state laws that regulate the insurance industry, the

7

fact that, with regard to the plaintiffs in <u>Mullenix</u>, it functioned, not as an insurer, but as a third-party administrator of a self-funded plan removed it from regulation under the same laws. <u>Id.</u> The concept is applicable in this case as well; although defendant Blue Cross/Blue Shield is a company that may, in other instances, directly insure participants who may, then, bring an action against it under Alabama laws that regulate the insurance industry, under the employee benefit Plan pursuant to which the plaintiffs here bring their case, defendant Blue Cross/Blue Shield is not an insurer, but merely an administrator of a benefits plan established and maintained by Osborne. For purposes of this case, as in <u>Mullenix</u>, there is no insurer that could be subject to the state laws under which the plaintiff seeks to impose liability. The ERISA deemer clause forecloses that particular avenue to the participants and beneficiaries of self-funded employee welfare benefit programs. The plaintiff's claim for bad faith denial of benefits is, therefore, preempted by ERISA.

## CONCLUSION

The motion to remand will be Denied. As an alternative basis for its ruling, the court concludes that it will follow <u>Amos</u> and other Eleventh Circuit cases until the Eleventh Circuit definitively overrules them.

This ____ day of May 2001,

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**