UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ELIZABETH PODRUE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV-01-PT-0724-M |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | ) | |
| Defendant. | ) | |

**ENTERED**
**MAY 2 4 2001**

## MEMORANDUM OPINION

This cause comes to be heard upon defendant Blue Cross and Blue Shield of Alabama's ("defendant") Motion to Dismiss and to Strike Jury Demand, filed on March 26, 2001.

### FACTS

Plaintiff Elizabeth Podrue ("plaintiff") brought this action against the defendant in the Circuit Court of Etowah County, Alabama, on February 14, 2001. She claims that the defendant, the third-party administrator of her husband's employee health benefit plan ("the Plan"), denied her benefits claim in bad faith under Alabama law. The defendant timely removed the case to this court on March 14, 2001. On March 26, 2001, the defendant filed the instant motion. The plaintiff filed a Motion to Remand on April 6, 2001, and, at the same time, filed a Motion to Stay the current proceedings until the Motion to Remand had been decided. This court granted the plaintiff's Motion to Stay in an order dated March 29, 2001. This court subsequently denied the plaintiff's Motion to Remand in a Memorandum Opinion and Order dated May 24, 2001. The court based its decision upon its finding that ERISA preempted the plaintiff's state law claim.

1

15

## ARGUMENT

The defendant argues that because ERISA preempts the plaintiff's state law claim, and because the plaintiff's current pleading does not plead an ERISA claim against the defendant, this court should dismiss the instant complaint without prejudice, and should give the plaintiff leave to re-plead her claim under ERISA. The defendant argues further that the plaintiff's demand for a jury trial should be stricken because, under Eleventh Circuit law, there is no constitutional or statutory right to a trial by jury under ERISA.

## CONCLUSION

This court has already found that ERISA preempts the plaintiff's complaint. Because the plaintiff's complaint currently does not purport to state a claim under ERISA, this court hereby Dismisses the plaintiff's complaint without prejudice. The plaintiff has leave to re-file her claim under ERISA.

This 24th day of May 2001,

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**